IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-03086-RM-NRN

A&A DRYWALL LLC, a Colorado limited liability company,

    Plaintiff,

v.

ELDER KY, INC. d/b/a Elder Construction d/b/a Elder Construction Inc., an administratively dissolved Kentucky corporation,
ELDER CONSTRUCTION INC. d/b/a Elder Construction d/b/a Elder KY, Inc., a Kentucky corporation, and
DAVID S. ELDER, SR. a/k/a/ David S. Elder a/k/a David Elder,

    Defendants.

---

## ORDER
---

Before the Court is Plaintiff's Motion for Attorney Fees and Bill of Costs. (ECF No. 50.) Defendants have filed a Response. (ECF No. 57.) The Motion is granted for the reasons below.

Plaintiff is a Colorado construction company that completed work for Defendants pursuant to a subcontractor agreement and submitted a final invoice nearly six years ago. (*See* ECF No. 43 at 3-4.) Defendants still have not paid the bill.

Plaintiff filed this lawsuit in 2022, asserting eleven interrelated claims for relief. The Court found Defendants liable on six of the claims and granted summary judgment in Plaintiff's favor in 2024. (*Id.* at 11.) The parties were unable to agree on the amount of Plaintiff's damages, prompting Plaintiff to file the current Motion.

The parties agree that Kentucky law applies to Plaintiff's claims arising under Kentucky

law and its request for attorney fees and costs. (*See* ECF Nos. 50 at 5-6; 57 at 1.) They also agree on the principal amount of Plaintiff's contractual damages (**$67,264.00**) and the statutory interest thereon (**$46,954.59** accrued through May 21, 2024, plus **$5,581.98** accrued through October 16, 2024, and accruing still until the judgment is paid). (ECF Nos. 49 at 4-5; 52 at 1.)

This leaves the attorney fees and costs. In their Response, Defendants argue that in actions brought under the Kentucky Fairness in Construction Act, "no award of attorney's fees or costs can be made under that Statute in an action in any venue that is not in Kentucky." (ECF No. 57 at 7.) Defendants cite Ky. Rev. Stat. § 371.415, which provides, in pertinent part, that "[v]enue for such an action shall be within the Commonwealth of Kentucky." But this language, on its face, does not mean that Kentucky is the *exclusive* venue in which attorney fees may be awarded under the statute. And Defendants cite no authority for the proposition that Kentucky is the *sole* venue in which costs and attorney fees pursuant to the statute may be awarded. Accordingly, the Court declines to insert a nonexistent limitation into the statute.

Defendants also argue that Plaintiff's attorney fees "should be limited to no more than one half of the underlying money judgment." (ECF No. 57 at 7.) But the statute imposes no such limitation, and, again, Defendants cite no authority for their proposed limitation. Nor is the Court persuaded that a fee request for more than half of the underlying judgment is unreasonable per se. Indeed, imposing this arbitrary limit would create an odd incentive for contractors in Defendants' position to prolong litigation once they "run out the clock" by causing their unpaid subcontractors to incur fees equaling half of the invoiced amount. The Court is not persuaded that the Kentucky Supreme Court would apply the Fairness in Construction Act in such a manner and likewise declines to do so here.

Defendants' argument that 386.3 hours of attorney and paralegal time is unreasonable in

this "simple debt collection case" (ECF No. 57 at 8) ignores the Court's finding that they engaged in bad faith conduct (ECF No. 43 at 11) and significantly downplays their role in prolonging this litigation and the arbitration proceedings which preceded it.  The Court finds persuasive Plaintiff's contention that the fees requested were necessitated by Defendants' willful and improper conduct.

In any event, the Court also finds the hours expended and rates charged are reasonable based on its familiarity with the procedural history of this case and its review of the documentation supporting Plaintiff's fee request.  A claimant is generally entitled to the presumption that the "loadstar amount"—the product of the number of attorney hours reasonably expended and a reasonable hourly rate—reflects a reasonable fee.  *Robinson v. City of Edmond*, 160 F.3d 1275. 1281 (10th Cir. 1998); *see also Asbury Univ. v. Powell*, 486 S.W.3d 246, 265 (Ky. 2016) (approving trial court's application of lodestar method in Kentucky).  Defendants have failed to rebut that presumption here.

Finally, Defendants argue that the $4,565.99 in "other costs" Plaintiff seeks to recover is contrary to Kentucky law.  According to Plaintiff's bill of costs, this amount includes arbitration fees, postage and shipping fees, investigation fees, and fees related to subpoenas issued to third parties. (ECF No. 51-1 at 1-2.)  The Court is required to award costs under § 371.415 when the losing party acts in bad faith.  And, as Defendants acknowledge, Kentucky Civil Rule 54.04 allows the prevailing party to recover numerous listed expenditures as well as "such other costs as are ordinarily recoverable by the successful party."  Defendants have not shown that any of the costs sought are not appropriate and ordinarily recoverable under the circumstances.  Therefore, the Court does not find that any part of Plaintiff's request for costs is improper.

## IV. CONCLUSION

The Motion (ECF No. 50) is GRANTED. The Clerk is directed to ENTER FINAL JUDGMENT against Defendants, jointly and severally, in the amount of **$119,800.57**, plus interest accruing on the contractual damages at the rate of 12% per annum from October 16, 2024, until the judgment has been paid in full. In addition, Plaintiff is awarded attorney fees in the amount of **$88,869.50** and costs in the amount of **$7,514.99**.

DATED this 19th day of August, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge